HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MITCH SZCZYGIELSKI,

        Plaintiff,

v.

GENERAL DYNAMICS CORPORATION,

        Defendant.

CASE NO. 18-CV-594-RAJ

ORDER

This matter comes before the court on Plaintiff Mitch Szczygielski's ("Mr. Szczygielski" or "Plaintiff") Motion to Appoint Counsel. Dkt. # 7. Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that

show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). Plaintiff must show *exceptional* circumstances.

This case arises from Defendant General Dynamics Corporation's ("General Dynamics" or "Defendant") alleged denial of benefits under Defendant's retirement plans. Plaintiff claims that he worked for Defendant, was injured and filed a workers compensation claim in 1991, and was terminated the same year. Dkt. # 1-1 at 2-3. Defendant contends that Plaintiff started work in 1988, was terminated in 1991, and settled his workers compensation claim in 1993. Dkt. # 13 at 2-3. Defendant claims that Plaintiff is not entitled to claim benefits under its retirement plan because Plaintiff did not accrue the five to ten years of service necessary to claim benefits under its retirement plan and was terminated before the age of 55. Dkt. # 13 at 4.

At this preliminary stage, it is difficult for the court to assess Plaintiff's likelihood of success on the merits. It appears at this point, however, that Plaintiff has a sufficient grasp of his claims, the ability to articulate his claims and to represent himself *pro se*. This does not appear, at the present, to be a case with *exceptional* circumstances. Moreover, Plaintiff's Application for Court-Appointed Counsel contains two errors that need correcting. First, Mr. Szczygielski claims that the Court had not previously granted him leave to proceed *in forma pauperis*, which this Court did on April 25, 2018. Dkt. # 5. Second, Mr. Szczygielski indicates under "Merits of Claim" that a governmental agency has "officially determined" that there is "reasonable cause to believe that the allegations" in his Complaint were true; however, Mr. Szczygielski does identify any such agency or finding. Dkt. # 7 at 2. Mr. Szczygielski only points to Defendant's

observation that he can file a lawsuit in federal court. *Id.* Defendant is not a governmental agency and this is not a finding of "reasonable cause." If an appropriate governmental agency has evaluated Mr. Szczygielski's claims and made a finding in his favor, he must disclose this in his application.

Because the court could conceivably envision a scenario in which Mr. Szczygielski corrects his errors and this case becomes sufficiently complex to warrant appointment of counsel, Mr. Szczygielski's motion is **DENIED WITHOUT PREJUDICE**.

The court strongly encourages Mr. Szczygielski's to review the court's website at www.wawd.uscourts.gov, where he will find resources for *pro se* parties, including the court's local rules.

DATED this 30th day of July, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge