UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MITCH SZCZYGIELSKI,

Plaintiff,

v.

GENERAL DYNAMICS CORPORATION,

Defendant.

CASE NO. 18-CV-594-RAJ

ORDER

This matter comes before the court on Plaintiff Mitch Szczygielski's ("Mr. Szczygielski" or "Plaintiff") Motion to Appoint Counsel. Dkt. # 18. This is Plaintiff's second motion for counsel; the Court denied Plaintiff's first motion without prejudice on July 30, 2018. Dkt. # 14. For the reasons stated below, the Court **DENIES** Plaintiff's Motion. Dkt. # 18.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must

consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman,* 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). Plaintiff must show *exceptional* circumstances.

In its earlier Order, this Court noted that this matter "does not appear, at the present, to be a case with *exceptional* circumstances." Dkt. # 14 at 2. This remains the case. Plaintiff's new Motion simply restates Plaintiff's previous request and general age-related and financial hardships, which this Court already determined were insufficient. Dkt. ## 14, 18. Plaintiff appears to demonstrate a sufficient grasp of the relevant issue: how long he worked for Defendant, and whether that length of time qualifies him for disability benefits under Defendant's plan. Moreover, although Plaintiff again claims under "Merits of Claim" that a governmental agency has "officially determined" that there is "reasonable cause to believe that the allegations" in his Complaint were true, the letter he attaches from the U.S. Department of Labor in Dkt. # 17 fails to support this characterization. Dkt. # 17 at 2-3. In this letter, the Employment Benefit Security Administration (EBSA) informed Plaintiff that General Dynamics determined that Plaintiff did not accrue the years of service necessary to receive benefits under the plan, and they would not be able to represent him. *Id.* This is not a finding from a governmental agency that Plaintiff's claims have merit, as Plaintiff asserts. Dkt. # 18 at 3.

Just as Plaintiff failed to make the requisite showing in his previous motion for appointment of counsel, Plaintiff's second Motion also fails.  Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED**.  Dkt. # 18.  The Court again strongly encourages Plaintiff to review the Court's website at www.wawd.uscourts.gov, where he will find resources for *pro se* parties, including the court's local rules.

DATED this 16th day of November, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge